## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JORGE TORRES,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 6:23-cv-1691-RBD-RMN

## <u>REPORT AND RECOMMENDATION</u>

This cause comes before the Court for consideration without oral argument on the Commissioner of Social Security's Motion to Reverse and Remand this Matter Under Sentence Four of 42 U.S.C. § 405(g) (Dkt. 27), filed February 12, 2024 ("Motion"). Plaintiff opposes, arguing this Court should remand this case and direct the Commissioner to award benefits. Dkt. 28. The Motion was referred to me for a report and recommendation. Upon consideration, I respectfully recommend the Court grant the Motion and remand this matter to the agency for further proceedings.

"In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g)." *Shalala v. Schaefer*, 509

U.S. 292, 296 (1993). Under sentence four, the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

To direct an award of benefits, however, more stringent standards apply. It is appropriate to remand only for an award of disability benefits when the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (citing *Bowen v. Heckler*, 748 F.2d 629, 635-36 (11th Cir. 1984)). In other words, "where there is no need for the [administrative law judge ("ALJ")] to take additional evidence, or to complete the sequential evaluation, and where substantial evidence exists in the record to support a finding of disability, the Court may properly reverse and remand for an award of benefits." *Richardson v. Apfel*, 44 F. Supp. 2d 1264, 1268 (M.D. Fla. 1998) (citing *Andler v. Chater*, 100 F.3d 1389, 1394 (8th Cir. 1996)) (footnotes omitted).

*First*, Plaintiff argues the Court should remand for an award of benefits because he has suffered an injustice. Dkt. 28 at 4–5; *see also Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982) (finding an injustice and reversing and rendering judgment for the appellant "[d]ue to the perfunctory manner of the hearing, the quality and quantity of errors pointed out, and the

lack of substantial evidence to support the ALJ's decision"). There is a difference of opinion among judges of this Court, however, whether injustice can serve as a separate basis upon which to award benefits. *See, e.g.*, *Gardner v. Comm'r of Soc. Sec.*, No. 6:20-cv-484, 2021 WL 7451910, at *2-3 (M.D. Fla. Sept. 27, 2021) (collecting cases). In a recent unpublished opinion, the United States Court of Appeals for the Eleventh Circuit interpreted its prior precedent to preclude a direction to award benefits, even when injustice was alleged, unless the claimant establishes "disability without any doubt" or that the ALJ erred in a "critical way." *Truesdell v. Comm'r of Soc. Sec.*, No. 20-13416, 2022 WL 401548, at *7 (11th Cir. Feb. 10, 2022) (citations omitted).[1]

In my view, the argument that a court may direct the Commissioner to award benefits "because he suffered an injustice" is not supported by a careful reading of *Walden* and its progeny. In that case, the Eleventh Circuit held the Commissioner erred by applying an improper legal standard, failing to address the plaintiff's testimony and other evidence of pain, failing to make credibility findings, failing to develop the record, and exhibiting "total disregard" of "unrefuted evidence" of disability. 672 F.2d at 837. The court stressed the plaintiff's "unrefuted evidence established she was unable to perform her prior work," the "burden shifted to the [Commissioner] to show that [she] is capable

---

[1] Plaintiff does not cite or address the *Truesdell* decision in his opposition to the Commissioner's Motion.

of engaging in some substantial gainful activity," and the "[Commissioner] offered no evidence in support of his burden." *Id*. at 840. Because of the cumulative effect of these errors, the court noted it "is of the opinion the appellant has suffered an injustice," and concluded by reversing the decision and directing judgment for the plaintiff. *Id*.

*Walden* did not hold that courts may direct an award of benefits where a social security plaintiff has suffered an injustice. Nor did it need to do so. Having recognized that the unrefuted evidence in the record established the plaintiff's disability, the court simply reversed the Commissioner's decision, as authorized by sentence four of 42 U.S.C. § 405(g). This reading of *Walden* appears to be part of the *Truesdell* court's understanding of Eleventh Circuit precedent. *Truesdell*, 2022 WL 401548, at *7 (reasoning precedent precludes a direction to award benefits, even when injustice was alleged, unless the claimant establishes "disability without any doubt" or that the ALJ erred in a "critical way").

And even assuming there is authority for an award of benefits based on a finding of an injustice, no such finding is warranted here. True, Plaintiff's claims have been pending before the agency for a long time, and the agency's adjudication has not been exemplary. But the Commissioner has conceded error and asked for the opportunity to correct his decision. The Commissioner's

candor distinguishes this case from those involving the agency's continued refusal to apply the proper legal standards.[2]

*Second*, Plaintiff contends the Court should direct the agency to award benefits because he has established his disability without a doubt. Dkt. 28 at 9–10. Plaintiff advances two primary arguments in support of his contention, but neither argument establishes that this is one of the rare cases in which the undisputed evidence demonstrates a claimant's disability without a doubt.

The ALJ's consideration of Plaintiff's U.S. Department of Veterans Affairs ("VA") disability rating does not meet this standard. In the Eleventh Circuit, a VA disability rating is "evidence that should be given great weight." *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (per curiam) (quotation omitted). But, as this Court noted in a slightly different context, "'[g]reat weight' does not mean controlling." *Beshia v. Comm'r of Soc. Sec.*, 328 F. Supp. 3d 1341, 1346–47 (M.D. Fla. 2018) (quoting *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016)). To properly assess a claimant's VA disability rating, the ALJ must outline and explain the medical conditions assessed by the VA and how those conditions and the VA's assessment differ from the disability claimed in the social security proceeding

---

[2] Plaintiff's argument that the Court should direct a benefits award because the Commissioner chose to move for remand instead of filing a merits brief is also without merit.

and the Commissioner's assessment of that condition. *See id.* (collecting cases). If the Commissioner's final decision does not contain such an explanation—as Plaintiff contends here—then the decision "is reversed and remanded for the ALJ to appropriately evaluate and weigh the VA disability rating." *Id.*

So too with Plaintiff's second argument. Plaintiff would have this Court disregard the Commissioner's request for an opportunity to reconsider the opinion evidence in accordance with the legal standards in 20 C.F.R. § 404.1527, thereby imposing on the agency the Court's views of the weight that should be given to that evidence. *See* Dkt. 28 at 9.

The Court's role under the Social Security Act is more circumscribed than Plaintiff acknowledges. Courts "may not decide the facts anew, reweigh the evidence, or substitute [their] judgment" for the Commissioner's. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). And the Eleventh Circuit's predecessor said long ago that courts neither have, nor may "seek to exercise, any right to make credibility choices" concerning the various medical opinions found in social security cases. *Page v. Celebrezze*, 311 F.2d 757, 759 (5th Cir. 1963). Plaintiff's request for this Court to reweigh the medical opinions in the record and find in his favor runs contrary to the Court's limited role and is not well taken.[3]

---

[3] This is in accord with general administrative law principles. When an agency has not considered all relevant factors in taking action, or has provided

Plaintiff's argument also misses the forest for the trees. To reach his preferred remedy, there would have to be no opinion evidence in the record contrary to the medical opinions advanced by Plaintiff. But that isn't Plaintiff's argument. Rather, he attacks the Commissioner's credibility determinations and the legal standards applied when making those determinations. Dkt. 16 at 12–27; *see also* Dkt. 28 at 9. Reevaluating the persuasiveness of some medical providers necessarily also involves reweighing the record as a whole. And so, Plaintiff cannot establish his disability without a doubt by arguing only that more weight should have been given to the opinions of certain medical providers.

*Third*, Plaintiff contends that this Court should make specific findings as to each argument raised in his brief and remand with specific directions as to each issue. Plaintiff contends that the Court should do so because the "ALJ is constrained by the district court's decision when the court makes specific factual findings as to how the ALJ erred." Dkt. 28 at 13 (citing *Weidner v.*

---

insufficient explanation for its action, the reviewing court ordinarily should remand the case to the agency. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("If the record before the agency does not support the agency action . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."). The function of a reviewing court ends when an error is found. *Fed. Power Comm'n v. Idaho Power Co.*, 344 U.S. 17, 20 (1952) ("But the guiding principle, violated here, is that the function of the reviewing court ends when an error of law is laid bare."). And the grant of authority to review an agency decision does not provide courts with the authority to exercise the agency's administrative functions. *Id.* at 21.

*Comm'r of Soc. Sec.*, 81 F.4th 1341, 1345 (11th Cir. 2023)). Though *Weidner* holds the law-of-the-case doctrine may constrain agency action on remand, neither that doctrine nor any other require a court to address each and every point of error raised by a litigant. In fact, courts regularly decline to address claims of error once a basis for remand is found. *See Demenech v. Sec'y of the Dep't of Health & Hum. Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the subsequent proceedings). In view of the Commissioner's concession of error and request for remand, as well as the need to conserve judicial resources, I respectfully recommend the Court decline Plaintiff's invitation to address each issue raised in his brief.

Accordingly, I respectfully **RECOMMEND** the Court:

1.    **GRANT** the Commissioner's Motion to Reverse and Remand this Matter Under Sentence Four of 42 U.S.C. § 405(g) (Dkt. 27);

2.    **ENTER** the Commissioner's proposed judgment (Dkt. 27-1) and

3.    **DIRECT** the Clerk to close this matter.

**<u>NOTICE TO PARTIES</u>**

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on February 23, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Roy B. Dalton, Jr.

Counsel of Record