# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JORGE TORRES,

    Plaintiff,

v.                                                                Case No. 6:23-cv-1691-RBD-RMN

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

Before the Court are Defendant's Opposed Motion to Reverse and Remand (Doc. 27 ("Motion")), U.S. Magistrate Judge Robert M. Norway's Report and Recommendation (Doc. 29 ("R&R")), and Plaintiff's Objection to the R&R (Doc. 30 ("Objection")). Plaintiff's Objection is due to be sustained, and the R&R is due to be adopted in part and rejected in part.

## BACKGROUND

Plaintiff, a VA-rated 100% disabled veteran, has been trying to get Social Security disability benefits for over nine years. (*See* Doc. 1.) Before this case, the Plaintiff had been through three separate hearings before two different Administrative Law Judges ("ALJ"), each of whom denied him benefits; each denial was later remanded for a new hearing. (*See id.* ¶¶ 6–8.) The instant case

began after Plaintiff's *fourth* hearing before a *third* ALJ. (*See id. passim.*) Here, as he did before, Plaintiff offered four doctors' opinions that he is disabled (Doc. 13, pp. 1024, 1099–1100, 1220–21; Doc. 13-1, p. 462) and the VA's rating that he was 100% disabled (Doc. 13-1, pp. 73, 84). The latest ALJ afforded all four doctors' opinions little weight largely because they were inconsistent with the mental status findings they observed. (*See* Doc. 1-1, pp. 19–20.) He also rejected the VA's disability rating because the VA's system is "so disparate from the social security administration" system (even though he did consider it) and because this rating is "only partially consistent" with the evidence on record. (*See id.* at 20–21.) So once again, the ALJ denied Plaintiff benefits. (*See id.* at 24.)

Plaintiff objected to the Appeals Council and received an unfavorable decision. (Doc. 1, ¶¶ 11–12.) Plaintiff then appealed to this Court and briefed his objections to the ALJ's findings before Judge Norway. (Doc. 16.)

The Commissioner now moves to reverse and remand this case for a fifth ALJ hearing. (Doc. 27.) The plaintiff opposed, arguing that the case should be reversed, but the Commissioner should be directed to award the Plaintiff benefits. (Doc. 28.) On referral, Judge Norway recommends that the Court grant the Government's motion to reverse and remand the case for further proceedings. (Doc. 29.) Plaintiff objects. (Doc. 30.) The matter is ripe.

## STANDARDS

When a party objects to a magistrate judge's findings, the district judge must "make a de novo determination of those portions of the report . . . to which an objection is made." 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district judge must consider the record independent of the magistrate judge's report. *See Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## ANALYSIS

The plaintiff objects to the R&R's recommendation of remand because (1) the Plaintiff has suffered an injustice; (2) the record establishes the Plaintiff's disability without any doubt; and (3) the ALJ in the Plaintiff's fourth hearing erred critically. (Doc. 30.) On de novo review, the Court concludes that a direction to award benefits is appropriate here.

Normally, a court reviewing an administrative agency's decision cannot conduct a de novo review of the matter and reach its own conclusions. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002). But a court can direct an award of benefits where the Administration has already considered the essential evidence and either "it is clear that the cumulative effect of the evidence establishes disability without any doubt" or the ALJ errs in a critical way. *See Davis v. Shalala*, 985 F.2d 528, 534

(11th Cir. 1993).

Here, Plaintiff has on four separate occasions offered doctors' opinions that he is disabled in conjunction with the VA's 100% disability rating. This last ALJ assigned little weight to this evidence, just as two others had. But another judge on this Court previously clearly identified the ALJ's errors in considering his doctors' opinions and the VA rating. (*See* Doc. 13-1, pp. 588–61); *Torres v. Comm'r of Soc. Sec.*, No. 6:20-cv-1673 (M.D. Fla. Jan. 14, 2022) (Doc. 22). Now the Commissioner now wants a *fifth* chance to "reconsider the opinion evidence" and add supplemental vocational evidence. (Doc. 27, p. 1.) But it is exceedingly unlikely that a fifth hearing will change anything. *See Davis*, 985 F.2d at 534. The cumulative effect of the essential evidence and multiple remands plainly identifying these same errors is clear: there is no doubt that Plaintiff is disabled. *See id.* Rather than subject Plaintiff to a fifth hearing—with no guarantee that the next ALJ will properly evaluate this same evidence—the Commissioner will be directed to award Plaintiff's benefits. *See Quanstrom v. Comm'r of Soc. Sec.*, No. 6:15-cv-990, 2016 WL 3769958, at *1 (M.D. Fla. July 15, 2016) (Dalton, J.) (repeated ALJ errors are signs that remand without an award would be futile and unjust).

As Plaintiff has established his disability without a doubt, his decade-long odyssey ends today.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Objection (Doc. 30) is **SUSTAINED**.

2. The R&R (Doc. 29) is **ADOPTED IN PART AND REJECTED IN PART**:

    a. The R&R is **ADOPTED** in that Defendant's Motion (Doc. 27) is **GRANTED IN PART AND DENIED IN PART**:

    i. Defendant's Motion is **GRANTED** in that the decision of the Commissioner is **REVERSED**. The Commissioner is **DIRECTED** to calculate an award of benefits from December 1, 2014, and to award Plaintiff the same.

    ii. In all other respects, Defendant's Motion is **DENIED**.

    b. In all other respects, the R&R is **REJECTED**.

3. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff and against Defendant and then to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 26, 2024.



ROY B. DALTON, JR.
United States District Judge