# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JORGE TORRES,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 6:23-cv-1691-RBD-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court without oral argument on Plaintiff's Unopposed Motion for Additional Attorney's Fees (Dkt. 47), filed January 30, 2025 (the "Motion"). This matter was referred to me for issuance of a report and recommendation. For the reasons discussed below, I recommend that the Motion be granted in part and denied in part.

### I. BACKGROUND

In this action, judgment was entered reversing the decision of the Commissioner and directing the Commissioner to calculate an award of benefits from December 1, 2014, and to award Plaintiff the same. Dkt. 31 at 5; Dkt. 32. Plaintiff filed an initial motion for attorney's fees (Dkt 34), which was granted to the extent Plaintiff was awarded EAJA fees in the sum of $27,719.59 (Dkt. 46), and now

moves for an award of additional attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). Dkt. 47.

## II.  ANALYSIS

A party seeking an award of attorney fees pursuant to the EAJA must demonstrate that he is eligible for an award of EAJA fees and that the amount sought is reasonable. Plaintiff requests an additional award of attorney's fees in the amount of $3,211.14, for his fees incurred in litigating his initial fee request. Dkt. 47 at 3.

### A.  Eligibility for EAJA Fees

The Court previously found Plaintiff entitled to an award of fees under EAJA. *See* Dkt. 35 at 2–4, *adopted and confirmed by* Dkt. 46. For the same reasons, I find that Plaintiff qualifies for an award of fees under EAJA.

### B.  Reasonableness of EAJA Fee.

In the Motion, Plaintiff represents that his attorney expended 12.8 hours in 2024, at an hourly rate of $250.87. Dkt. 47. Plaintiff attaches a detailed timesheet to the Motion. Dkt. 47-1 at 2. The hourly rate requested does not exceed the EAJA cap of $125 per hour adjusted for inflation. The Motion is unopposed. *Id.* Based on the information provided, find that the hourly rates and time requested for work on this matter are reasonable. *See Iran Casanas v. Comm'r of Soc. Sec.*, No. 1:22-cv-21108, 2024 WL 5422244, at *5 (M.D. Fla. Aug. 21, 2024) ("The Eleventh Circuit has endorsed 'fees for fees' for successful EAJA fee applicants").

In sum, I find that Plaintiff is entitled to recover and additional $3,211.14 attorney's fees and recommend that the Court award same.[1]

### C. Assignment of EAJA Fees.

Plaintiff states, "[i]f the United States Treasury Department determines that [Plaintiff] does not owe a federal debt, he asks that the Commissioner accept his assignment of EAJA fees to counsel, and that payment be made directly to his attorney." Dkt. 34 at 2. In *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. The Supreme Court noted, however, that nothing in the statute or its holding affects the prevailing party's contractual right to assign the right to receive the fee to an attorney, analogizing those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign entitlement to attorney's fees. *Id.* at 596–98. An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) to be valid. *See Farm Bureau Mut. Ins. Co. v. United States*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984).

Section 3727(b) provides that "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). An assignment made before the award of attorney's fees therefore necessarily violates section 3727(b) because the claim has not been allowed, the amount of the claim has not been determined,

---

[1] If the District Court adopts this Report and Recommendation, Plaintiff's total EAJA fees award would amount to $30,930.73.

and a warrant for the claim has not been issued. *Id.* Thus, any assignment of EAJA fees which predates an award and determination of the amount of fees is voidable. *See Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008); *Young v. Astrue*, No. 3:09-cv-132, 2011 WL 1196054, at *3–4 (M.D. Ga. Feb. 24, 2011).

In this case, because Plaintiff's assignment, Dkt. 34-1, predates my recommendation of an award of fees under the EAJA, it does not satisfy section 3727(b). *Crumbly v. Colvin*, No. 5:13-cv-291, 2014 WL 6388569, at *4–5 (M.D. Ga. Nov. 14, 2014); *Huntly v. Comm'r of Soc. Sec.*, No. 6:12-cv-613, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 3, 2013). I therefore recommend the Court conclude the award of EAJA fees should be made payable to Plaintiff as the prevailing party. *See Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 935, 937 (6th Cir. 2017) (holding in an appeal of a Social Security case that "attorney fees ordered under EAJA are to be paid to the prevailing party" and 31 U.S.C. § 3727(b) "could serve as a bar to an EAJA fee award assignment[.]").

### III.  RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** the Court:

1. **GRANT** the Motion (Dkt. 47) to the extent the Court awards additional EAJA attorney's fees to Plaintiff, as the prevailing party, in the sum of $3,211.14; and

2. **DENY** the rest of the Motion.

**Notice to Parties**

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on February 27, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:
Counsel of Record