UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORGE TORRES,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No.
6:23-cv-1691-RBD-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration without oral argument on Nathaniel James Heber's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Dkt. 52), filed May 2, 2025 (the "Motion"). The Commissioner informed counsel he would file a response to the motion, *see* Dkt. 52 at 4, but no response was filed and the time to file a response has expired. *See* Local Rule 3.01(b) (setting a 14-day response period for most motions, with limited exceptions that do not apply here). Upon consideration, I recommend the Motion be granted.

### I. BACKGROUND

In this Social Security case, Plaintiff entered into a contingency fee agreement in which he agreed to pay his counsel

twenty-five percent of the total past-due benefits and supplemental benefits due to him. Dkt. 52 at 1; Dkt. 52-1 (fee agreement). On June 27, 2024, a judgment was entered reversing and remanding this case to the Commissioner of Social Security for further proceedings. Dkt. 32. Plaintiff then moved for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkts. 34, 47. The Court awarded a total of $30,930.73 in attorney's fees under the EAJA to Plaintiff. Dkt. 51.

Plaintiff's past-due benefits were presumably $131,898. Dkt. 52 at 5. Counsel calculates that twenty-five percent of that award is $32,974.50. *Id.*

Counsel now moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). Dkt. 52. In the Motion, Counsel requests a fee award of $2,445.77, an amount that does not include the attorney's fees awarded under EAJA or the work counsel performed before the agency. *Id.*

## II. LEGAL STANDARD

Section 406(b) provides that, when a claimant receives a favorable judgment:

> the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the

> amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount over that allowed by the court. *See id.* § 406(b)(2). To receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client. The Eleventh Circuit has held that Section 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam). Because Plaintiff was awarded past-due benefits, the Court may award attorney's fees under Section 406(b). *Culbertson v. Berryhill*, 586 U.S. 53, 55–57 (2019) (quoting 42 U.S.C. § 406(b)(1)(A)).

### III.   ANALYSIS

#### A.   Fee Awards Under Section 406(b)

Counsel requests authorization to charge Plaintiff $2,445.77 in attorney's fees. Dkt. 52. The attorney's fees due under Plaintiff's fee agreement is 25% of past-due benefits, totaling $32,974.50. *Id.* at 5. Plaintiff was awarded $30,930.73 in attorney's fees under EAJA.

Dkt. 51. The amount authorized under Section 406(b) must be reduced by the award under EAJA. *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010) (holding that district court erred in increasing the fee awarded under Section 406(b) and ordering the plaintiff's attorney to refund the EAJA award to the client, and instead, "the district court could have simply awarded [the attorney] the difference between 25% of [the plaintiff's] past-due benefits and the amount of the EAJA fee").

### B. Counsel's request for fees under Section 406(b) is reasonable.

When evaluating an attorney's petition under 42 U.S.C. § 406(b), the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Still, "[a] fee pursuant to a contingency contract is not per se reasonable." *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir. 1989).

The contingency fee negotiated by Plaintiff and counsel is unreasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of Plaintiff's attorney or would

provide a fee "so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372 (citing *McGuire*, 873 F.2d at 981; *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc)). A contingency fee is more likely to be reasonable the greater the risk that the plaintiff would not prevail. *McGuire*, 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent fee award in a social security case."). Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, 535 U.S. at 807 n.17.

When assessing reasonableness, the Court looks first to the contingency fee arrangement, then to the "character of the attorney's representation," and finally to the results achieved. *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005). The Court may also consider the attorney's hourly rate and the time spent by the attorney representing Plaintiff, but "this data does not control the Court's determination of the requested fee's overall reasonableness." *Id*.

Here, Plaintiff and counsel negotiated and signed an agreement that entitles counsel a fee of twenty-five percent of any award of past due benefits awarded. Dkt. 52-1. Plaintiff obtained a favorable result due to counsel's efforts. *See* Dkt. 32 (judgment). Plaintiff likely would not have been able to achieve the successful result on his own without the assistance of counsel. The Court

therefore finds that counsel has established that an additional $2,445.77 in fees is reasonable under Section 406(b).

## IV. RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** the Court:

1. **GRANT** the Motion (Dkt. 52); and

2. Authorize Counsel to charge and collect from Plaintiff $2,445.77 in fees.

**ENTERED** in Orlando, Florida, on May 22, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Roy B. Dalton, Jr.

Counsel of Record